UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH M.,[1]

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

17-CV-515-LJV
DECISION & ORDER

The plaintiff, Kenneth M., is a prevailing party in this Social Security benefits action. His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 33. The defendant defers to the Court to determine whether the motion is timely and whether the fee request is reasonable. Docket Item 35.

**I.     TIMELINESS**

Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees under 42 U.S.C. § 406(b) must be filed within fourteen days of the claimant's receiving a notice of award. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). Notwithstanding that deadline, the Second Circuit has made it clear that "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

The Social Security Administration ("SSA") issued Kenneth a notice of award letter on November 4, 2020.  Docket Item 33-5.  In that letter, the SSA notified Kenneth of his past-due benefits but also noted that the SSA "may have to reduce [Kenneth's] benefits if [he] received Supplemental Security Income [("SSI")]" from December 2013 to October 2020.  *Id.* at 2.  The SSA told Kenneth that it "w[ould] send [him] another letter" once it "decide[d] whether or not [it] w[ould] have to reduce [his] Social Security benefits."  *Id.*

Because the SSA had not notified Kenneth whether it would indeed reduce his benefits before the fourteen-day filing period elapsed, Kenneth's counsel requested an extension of time to move for attorney's fees on November 23, 2020.[2]  Docket Item 24.  This Court granted that extension, *see* Docket Item 25, and it later granted several more extensions as Kenneth's counsel attempted to gather further information about the final amount of Kenneth's benefits.  *See* Docket Items 27-32.  Kenneth's counsel ultimately filed the motion for attorney's fees on October 4, 2021.  Docket Item 33.

Under the circumstances here, the Court finds that enlarging the filing period is appropriate.  *See Sinkler*, 932 F.3d at 89.  Kenneth's counsel initially sought an extension because she could not calculate the total amount of past-due benefits (and therefore the resulting attorney's fees) without the SSA's final determination.  Docket

---

[2] In *Sinkler*, the Second Circuit clarified that its decision did not "depart[] from the law's presumption that a party receives communications three days after mailing." *Sinkler*, 932 F.3d at 89 n.5.  "Courts in this [C]ircuit [therefore] have held that" *Sinkler* "creates a *de facto* 17-day filing deadline for [section 406(b)] motions from the date of the notice of award." *Joseph L. v. Comm'r of Soc. Sec.*, 2021 WL 4931990, at *1 n.1 (W.D.N.Y. Oct. 22, 2021).  Because the final day of the seventeen-day filing deadline fell on the weekend, counsel's request for an extension—filed on the Monday following that weekend—was timely.  *See* Fed. R. Civ. P. 6(a)(1)(C).

Item 24-1.  Kenneth's counsel repeatedly sought clarification from the agency about the amount of any SSI payments; to date, however, the SSA apparently has not decided whether Kenneth's past-due benefits must be altered.  *See generally* Docket Item 31-1.  In light of the uncertainty surrounding Kenneth's past-due benefits, counsel's diligence in following up with the SSA and requests for extensions of time from this Court, and this Court's granting those extensions, this Court concludes that the motion was timely filed.

## II.    REASONABLENESS

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Kenneth was awarded $84,980.00 in past-due benefits.  Docket Item 33-2 at ¶ 10; *see* Docket Item 33-5.  His counsel seeks $21,245.00 in fees, which is 25% of the past-due benefits and consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 33-2 at ¶¶ 10, 13; Docket Item 33-3.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in Social Security law, the character of the representation provided, and the favorable results

achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[3]  *Id.*  The $21,245.00 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).  Should the amount of past-due benefits and resulting attorney's fee later change due to the SSA's calculation of any SSI that Kenneth received, the parties shall move to correct that fee.  *See* L. R. Civ. P. 5.5(g)(1) ("Should information come to the attention of either party after the entry of an order approving fees under 42 U.S.C. § 406(b) suggesting that the information used to calculate the appropriate fee was incorrect or incomplete, a motion may be brought under Rule 60(b)(1), (2)[,] or (6) of the Federal Rules of Civil Procedure seeking a correction of the fee approved.").

By stipulation approved and ordered on October 31, 2019, this Court previously awarded Kenneth's counsel $6,764.02 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 22, 23.  Because the fees granted above exceed the EAJA fees, Kenneth's counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[3] While the fee here constitutes an hourly rate of $632.29—high by Western New York standards—the precedent cited in counsel's fee application, the ability and expertise of counsel, the success of counsel's representation, and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Fields v. Kijakazi*, 24 F.4th 845, 854-56 (2d Cir. 2022) (clarifying that "[i]n determining whether there is a windfall" courts "must consider more than the de facto hourly rate" and should also consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result").

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $21,245.00, Docket Item 33, is GRANTED; and it is further

ORDERED that Kenneth's counsel shall refund the $6,764.02 in EAJA fees to Kenneth within 14 days of the entry date of this decision and order; and it is further

ORDERED that if the amount of past-due benefits and resulting attorney's fee later changes due to the SSA's calculation of any SSI that Kenneth received, the parties shall move to correct that fee.

SO ORDERED.

Dated:   April 26, 2022
         Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE